# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL P. RYAN,

    Plaintiff,

v.

FUNKY MONKEY, INC., a Florida corporation, and EDWARD L. NICKELL, individually,

CASE NO.: 6:16-cv-838-Orl-28DCI

    Defendants.

_____/

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by and between DANIEL P. RYAN ("Ryan" or "Plaintiff") and FUNKY MONKEY, INC. and EDWARD L. NICKELL ("Defendants"). Plaintiff and Defendants collectively are referred to as the "Parties" in this Agreement.

### Recitals

A.     Plaintiff was employed by Funky Monkey, Inc. as a chef.

B.     On May 18, 2016, Plaintiff commenced a civil action against Defendants in the United Stated District Court Middle District of Florida, Orlando Division, Case No. 6:16-CV-838-Orl-28DAB (the "Action").

C.     After private settlement negotiations in which the Parties were represented by their respective counsel of record, Plaintiff and Defendants have agreed to settle the Action by means of this Agreement.

D.     Nothing contained in this Agreement, and no act taken pursuant to it, will constitute an admission by Defendants of any liability to Plaintiff or to anyone else because of or growing out of matters set forth in the pleadings of Plaintiff in the Action. In fact, Defendants specifically deny that they engaged in any improper or unlawful act in connection with any monies paid or allegedly owed to Plaintiff. The Parties further acknowledge that Defendants' investigation into Plaintiff's claims of unpaid wages did not produce any evidence that Defendants had underpaid Plaintiff in any respect.

E.     Plaintiff acknowledges the payment of the monies by Defendants identified herein constitutes full and complete payment of any unpaid wages allegedly owed to him at the time of execution of this Agreement. Accordingly, Plaintiff agrees that he has been paid all compensation owed to his, including minimum wage for all hours worked, time and one half for all hours worked over forty (40) in a workweek, and liquidated ("double") damages for any previously unpaid time.

F.     In the negotiation and drafting of this Agreement, Plaintiff has been represented by N. James Turner, Esq. and Defendants have been represented by Dee Anna D. Hays of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

G.     Plaintiff's counsel and his firm represent that, as of the date of this Agreement, they do not represent anyone other than Plaintiff for whom they will file a lawsuit or make a claim against Defendants.

H.     Plaintiff acknowledges and represents that he is fully competent to enter into this Agreement, that he has had a reasonable amount of time in which to consider this Agreement before executing it, that he has been advised by his attorneys about its terms and effect, and that he enters into this Agreement knowingly and voluntarily.

I.     Plaintiff and his counsel believe that the settlement provided in this Agreement is in the best interest of Plaintiff and represents a fair, reasonable, and adequate resolution of the Action.

J.     The Parties represent that the Plaintiff's attorneys' fees were negotiated and agreed upon separately without regard to the amount paid to the Plaintiff.

K.     The Parties represent that Plaintiff initially estimated that he was entitled to $3,375.00 owed for unpaid overtime wages between April 5, 2016 and May 17, 2016. Defendants have investigated Plaintiff's time, pay and other personnel records evidencing that Plaintiff properly was paid for all hours he reported to Defendants. Since there is no documentation to substantiate Plaintiff's allegations that he was not an exempt employee and owed overtime wages for all hours worked for Funky Monkey, Inc., the Parties engaged in good faith, arms-length negotiations to arrive at a fair, adequate, and reasonable resolution of Plaintiff's unpaid overtime claims.

Based on these recitals, the Parties agree as follows:

**Terms**

1.     <u>Dismissal of the Action; Settlement Payments</u>.

a.     Within five (5) business days after complete execution of the Agreement, Plaintiff will cause to be delivered to counsel for Defendants, a stipulation to dismissal of the Action with prejudice executed by counsel for Plaintiff,

which counsel for Defendants also will execute and promptly cause to be filed with the District Court; and

b. This Agreement is contingent on the District Court's approval of the Agreement and dismissal of the Action. If the District Court does not approve of the Agreement and dismiss the Action, then this Agreement will be null and void and have no effect. Should the District Court require additional information from the Parties or require their appearance before approving the Agreement and dismissing the Action, the Parties will cooperate in providing that information and making that appearance.

c. If the District Court approves the Stipulation and dismisses the Action, then within fourteen (14) business days after the date of dismissal and upon receipt of signed IRS Form W-9 from Plaintiff and Plaintiff's counsel, Defendants will cause to be delivered to counsel for Plaintiff two (2) checks, as follows:

(i) One (1) check payable to Daniel P. Ryan representing the total amount of <u>Nine-Hundred Dollars and 00/100 Dollars ($900.00)</u> payable as taxable wages, less appropriate withholdings, to represent the unpaid wages/overtime claim. An IRS Form W-2 will be issued to Plaintiff in this amount; and

(ii) One (1) check payable to N. James Turner, Esq. representing the total amount of <u>One Thousand and 00/100 Dollars ($1,000.00)</u> to represent attorneys' fees and costs. An IRS Form 1099 will be issued to N. James Turner, Esq. in this amount. N. James Turner, Esq. must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed agreement.

d. In the event the Internal Revenue Service or other taxing authority challenges the above allocation, the Parties agree to work together cooperatively in connection with any such challenge. Plaintiff shall be solely responsible for paying all taxes and penalties owed by him and Defendants shall be solely responsible for payment of all taxes and penalties owed by them. Plaintiff agrees to indemnify and hold Defendants harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Plaintiff to pay all taxes for which he is responsible.

2. Release of Claims. Plaintiff, on behalf of himself and his heirs, successors, agents, and all other related persons or entities who could assert a claim based on their relationship and/or dealings with Defendants, waives and releases and promises never to assert any and all claims for unpaid wages or overtime pay under the Fair Labor Standards Act or Fla. Stat. §448.10, which exist or might exist against Defendants and/or their respective current and former predecessors, successors, affiliates, parents, subsidiaries,

3

partners (whether general or limited), directors, officers, employees or former employees, agents, attorneys, insurers, heirs, and assigns.

    3.    Severability. If any provision of this Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect, except that if Paragraph 2 of this Agreement is held to be void, voidable, unlawful or unenforceable, then Defendants, at their sole option, may rescind this Agreement and recover from Plaintiff the payments made under this Agreement.

    4.    Attorneys' Fees. The Parties agree that other than what is described in Paragraph 1(c)(ii), each party will bear his or its own attorneys' fees and costs. Plaintiff acknowledges and agrees that with the payment made in Paragraph 1(c)(ii), his claim for attorney's fees through the execution of this Agreement is completely satisfied, such that his attorney is not entitled to any additional amount of attorney's fees for any work performed on his behalf through dismissal of this matter.

    5.    Binding agreement. This Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them. Notwithstanding any privilege applicable to settlement proceedings, this Agreement may be introduced into evidence to prove the Parties' settlement agreement.

    6.    Entire agreement. This Agreement may be amended only by written agreement, signed by the Party or Parties to be bound by the amendment. Parol evidence will be inadmissible to show agreement by and between the Parties to any term or condition contrary to or in addition to the terms and conditions contained in this Agreement.

    7.    Governing law. This Agreement is made, and will be construed, under Florida law, without regard to its conflict of laws provision.

    8.    Enforceability. The Parties hereto acknowledge that this Agreement is enforceable in the District Court for the Middle District of Florida. The interpretation and application of the terms of this Agreement shall be governed and construed in accordance with the laws of the State of Florida.

    9.    Counterpart originals. This Agreement may be executed in counterpart originals with each counterpart to be treated the same as a single original. Facsimile or electronically scanned and transmitted signatures and copies are permitted and acceptable to both parties.

    10.    Remedies for Breach. In any action for breach or enforcement of this Agreement, the prevailing party will be entitled to recovery of reasonable attorneys' fees and costs.

**Execution by Parties**

The Parties hereby execute this Agreement.

AS TO PLAINTIFF:

_____   1/9/17
DANIEL P. RYAN                DATE


AS TO DEFENDANTS:

_____   1/13/17
FUNKY MONKEY, INC.            DATE
BY:
ITS: _____  1/13/17
EDWARD L. NICKELL             DATE

5

**Agreement and Certification of Counsel**

I am counsel to Plaintiff Daniel Ryan. I certify that I have reviewed this Agreement with my client and that he indicates he understands the terms and effect of this Agreement and enters into it knowingly and voluntarily.

Dated this 10 day of _____, 2017.

_____
N. James Turner, Esq.
Attorney for Plaintiff

28254373.1

6